The City of XENIA, Appellee,

v.

DIAZ; Aguilar, Appellant.

[Cite as Xenia v. Diaz, 166 Ohio App.3d 587, 2006-Ohio-1807.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2004 CA 74.

Decided April 7, 2006.

Craig Saunders, Xenia City Prosecutor, for appellee.

Paul B. Roderer Jr., for appellant Valentin Aguilar.

WOLFF, Judge.

{¶ 1} Valentin Aguilar appeals from an order dated March 29, 2005, wherein the trial court, without having conducted an evidentiary hearing, determined that "no impossibility of performance exists" and declined to remit any portion of an appearance bond in the amount of $10,000 cash, posted by Aguilar on behalf of one Hildardo Diaz.

{¶ 2} The issue of impossibility of performance was before the trial court on remand from this court in *Xenia v. Diaz*, Greene App. No. 2003CA25, 2003-Ohio-6894, 2003 WL 22972039, rendered December 19, 2003.

{¶ 3} In that case, we stated:

{¶ 4} "Aguilar's second argument is that if he had been provided a show cause hearing, he would have demonstrated that it was impossible for him to produce Mr. Diaz because the City of Xenia delivered Diaz into federal custody and there was no evidence that the City made any attempt to transfer him from federal custody so Diaz could stand trial. As such, Aguilar argues that his performance under the surety contract was rendered impossible by operation of law.

{¶ 5} " * * *

{¶ 6} "The trial court upon remand should therefore conduct a post-forfeiture remission hearing to determine whether it should remit the bond previously forfeited because of the defense of impossibility of performance. See, *State v. Scherer* (1995), 108 Ohio App.3d 586, 671 N.E.2d 545."

{¶ 7} The trial court scheduled a hearing for January 28, 2004. Counsel for Aguilar subpoenaed Robin Hughes, assistant administrator of the Greene County Adult Detention Center, to appear at the hearing and produce "all records pertaining to the prisoner, Hildardo Diaz." According to the trial court's entry of February 3, 2004, no hearing was conducted on January 28 because the prosecutor objected to proceeding in the absence of Aguilar and Diaz. The court continued the matter for hearing to afford Aguilar's counsel time to produce Aguilar for the hearing.

{¶ 8} The court rescheduled the hearing for April 7, and Aguilar's counsel again subpoenaed Hughes and Diaz's records as described above. At the request of Aguilar's counsel, the hearing was continued to June 9, for which hearing Aguilar's counsel again subpoenaed Hughes and Diaz's records.

{¶ 9} On June 9, the prosecutor moved for dismissal because of the failure of Aguilar and Diaz to appear for the hearing. The court determined that Aguilar was required to be present and declined to conduct the hearing in his absence, despite Aguilar's counsel's request to present the evidence that he was in a

position to present. In its order of March 29, 2005, which referred to the June 9 scheduled hearing, the court stated:

{¶ 10} "This case was remanded to the Court to determine whether the defense of impossibility of performance would mean that the bond should not be forfeited. As was discussed in court, when the bond was posted, there was a federal holder on the Defendant (Diaz). Therefore, though the bond was posted, the Defendant was unable to gain his release. However, the Defendant has never appeared since that time. *This Court has no evidence with which to find that it was impossible for the Defendant to appear.* While there was a federal detainer on the Defendant at one point, the Defendant's whereabouts is currently unknown. The Defendant was illegally in this country in the first place, but he did manage. to get here, so the fact that he is illegal in and of itself should not be an excuse for the Defendant not to appear.

{¶ 11} " * * *

{¶ 12} "Impossibility of performance refers to the bondsman's inability to present the Defendant for hearing when summoned by the Court. If this Court had received information from the bondsman (Aguilar) indicating that the Defendant would be brought before the Court, this Court would have worked with the bondsman. Instead, this Court received absolutely nothing indicating the Defendant's current whereabouts at the time of the hearing. While Mr. Roderer (counsel for Aguilar) offered certain theories to the Court, *there was no evidence to back those theories up,* and this Court never has seen Mr. Diaz again since his arraignment.

{¶ 13} "This Court feels that since it was entirely foreseeable that the Defendant, being an illegal alien at the time of his arraignment, would fail to appear and that this Court would not be able to have him arrested because of his lack of social security number, the Court finds that there was at the time of his arraignment a strong possibility that, being an illegal alien, the Defendant would get in further difficulty, with either the federal government or some other agency due to his illegal status, and the Court therefore placed a substantial bond on this Defendant. If a bondsman is permitted, with the risks involved, to post a bond for such a person, that bondsman should not be rewarded with a refund when that Defendant flees the jurisdiction or becomes otherwise foreseeably unavailable.

{¶ 14} "For the foregoing reasons of lack of appearance by the Appellant *and the inability of the Appellant to show impossibility,* particularly due to the Appellant's absence, this Court finds that no impossibility of performance exists, and that the bond shall not be released." (Emphasis added.)

{¶ 15} On appeal, Aguilar assigns error as follows:

{¶ 16} "I. The trial court erred in failing to hold a hearing and in failing to remit bond to Mr. Aguilar."

{¶ 17} It is very clear in our opinion of December 19, 2003, that upon remand, the trial court was to conduct a hearing on whether Aguilar's failure to produce Diaz for trial on February 12, 2003, was due to impossibility of performance. The court refused to do so, concluding that it need not conduct a hearing in Aguilar's absence.

{¶ 18} Although it is Aguilar's burden to establish impossibility of performance, the court erred in insisting that Aguilar's presence was the quid pro quo of his being able to present testimony. The city's arguments in justification of its and the court's position are unpersuasive.

{¶ 19} It is particularly ironic that the court referred three times to the lack of evidence of impossibility of performance when it permitted no evidence to be presented.

{¶ 20} We do not reach the issue of whether the trial court should order remission. However, we reverse the trial court's order of March 29, 2005, and again remand this matter to the trial court for an evidentiary hearing on whether it was impossible for Aguilar to produce Diaz for trial February 12, 2003.

Judgment reversed
and cause remanded.

BROGAN and GLASSER, JJ., concur.

GEORGE GLASSER, J., retired, of the Sixth District Court of Appeals, sitting by assignment.